IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERNON KING, JR. | § | |
|     TDCJ-CID #590316 | § | |
| V. | § | C.A. NO. C-05-359 |
| | § | |
| DOUG DRETKE | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254 regarding a disciplinary conviction that arose at the McConnell Unit in Beeville, Texas on May 19, 2005. (D.E. 1). Promptly after the filing of a petition for habeas corpus, a preliminary review of the petition must be undertaken to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see also 28 U.S.C. § 2243. This rule empowers the district court to "examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999); see also Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) ("A district court may dismiss as frivolous the complaint of a prisoner proceeding *in forma pauperis* if it lacks an arguable basis in law or fact."). Because the petition is frivolous on its face, it is respectfully recommended that it be dismissed.

### I.     FACTUAL BACKGROUND

Petitioner is presently incarcerated at the McConnell Unit in Beeville, Texas. He is challenging a prison disciplinary hearing that occurred on May 19, 2005. In that proceeding, plaintiff was charged with and found guilty of failing to obey an order. As punishment, his recreation and commissary privileges were suspended for thirty days. See D.E. 1, attached copy of disciplinary proceedings. He appealed the disciplinary decision, but his conviction was

upheld.  Id.

## II. DISCUSSION

Lawful incarceration brings about the necessary withdrawal of many privileges and rights; however, prisoners do not shed all their rights at the prison gates.  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).  In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court continued to follow its prior decision in Wolff v. McDonnell, 418 U.S. 539 (1974) in holding that states may, under certain circumstances, create liberty interests which are protected by the due process clause.  However, it held that these interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner.  Sandin, 515 U.S. at 483-84.  In coming to this conclusion, the Supreme Court noted that the due process clause does not protect every change in the conditions of confinement having a substantial adverse effect upon a prisoner.  Id.

Habeas corpus is appropriate only for challenges to the "fact or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A disciplinary conviction that results in the loss of good-time credits is equivalent to a loss of a "shortened prison sentence."  Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974).  Therefore, habeas corpus is the appropriate vehicle in which to challenge a disciplinary proceeding that results in the loss of good-time credits.  Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002) (stating that Preiser authorized § 2254 as the "sole remedy for a prisoner's challenge to revocation of good-time credits"); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998).  Because petitioner does not allege that he lost good-time credits as a result of his disciplinary conviction, habeas corpus is not appropriate.

Petitioner's punishment, consisting commissary and recreation restriction, does not represent the type of atypical, significant deprivation in which a state might create a liberty

interest. At most, this punishment might be classified as a change in the conditions of his confinement and does not implicate due process concerns. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). Petitioner fails to raise a cognizable habeas corpus claim.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that petitioner's action be dismissed  pursuant to Rule 4 of the RULES GOVERNING § 2254 ACTIONS.

Respectfully submitted this 25th day of August, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 8(b)(3), Rules Governing § 2254 Cases, and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).