UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERNON KING, JR., | § | |
|     Petitioner | § | |
| | § | |
| v. | § | C.A. No. C-05-359 |
| | § | |
| DOUGLAS DRETKE, | § | |
|     Respondent | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

On August 25, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation in this case (D.E. 10). Petitioner timely filed his objections thereto (D.E. 13, 16). Having reviewed the Magistrate Judge's Memorandum and Recommendation and the pleadings on file, in conjunction with Petitioner's objections, the Court adopts the findings and conclusions of the Magistrate Judge.

To obtain a federal writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994). The Due Process Clause protections apply to prison disciplinary actions if they affect the fact or duration of confinement because an inmate's liberty interest is at risk. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). However, these protections do not apply to changes to the conditions of confinement. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). The loss of commissary and recreation privileges does not implicate liberty interests

because these losses only affect the condition of confinement. *Madison*, 104 F.3d at 768.

As discussed by the Magistrate Judge, the district court may dismiss a petition for writ of habeas corpus if it plainly appears from the face of the petition that the petitioner is not entitled to any relief in the district court. *See* Rule 4, RULES GOVERNING SECTION 2254 CASES; *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). In this case, Petitioner challenges the findings and punishment assessed him at a disciplinary hearing where he was found guilty of failing to obey an order. Petitioner argues his Constitutional rights were violated because (1) the evidence was insufficient to support a finding of guilt because false evidence was presented at the disciplinary hearing; and (2) the penalty imposed was too severe. Although Petitioner asserts he lost previously earned good-time credit, the record indicates Petitioner was only assessed a loss of thirty (30) days of commissary and recreation privileges (D.E. 1, Page 10).

These sanctions do not affect the fact or duration of Petitioner's sentence. Rather, they only affect the conditions of Petitioner's confinement and therefore do not implicate due process concerns.

For these reasons, the Court finds that Petitioner's request for federal habeas corpus relief is without merit. Petitioner's habeas petition is DISMISSED. Should Petitioner seek a Certificate of Appealability, it is DENIED.

ORDERED December 22, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE